IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY W. TANNER PLAINTIFF

vs. Civil No. 2:12-cv-02308

CAROLYN W. COLVIN DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Bobby W. Tanner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

## 1. Background:

Plaintiff protectively filed his disability applications on January 13, 2010. (Tr. 13, 115-122).[1] In his applications, Plaintiff alleges he is disabled due to insulin-dependent diabetes and bipolar disorder. (Tr. 157). Plaintiff alleges an onset date of January 1, 2009. (Tr. 13, 115, 119). These applications were denied initially and again upon reconsideration. (Tr. 56-59).

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 77-98). An administrative hearing was held on June 8, 2011 in Fort Smith, Arkansas. (Tr. 29-55). Plaintiff was present and was represented by Davis Duty at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Larry Safford testified at this hearing. *Id.*

On June 20, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 13-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2009, his alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: insulin dependent diabetic mellitus with neuropathy; dysthymia; passive dependent personality disorder; and generalized anxiety disorder. (Tr. 15-16, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 16-19, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 19-22, Finding 5). In making this determination, the ALJ first evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can sit for 2 hours and can stand and/or walk for 6 hours in an eight-hour workday; he may occasionally lift/carry objects weighing 20 pounds, and frequently objects weighing 10 pounds; he is limited to simple, routine, and repetitive tasks, involving only simple work-related decisions, with few, if any, work place changes; and he is limited to no more than occasional interaction with co-workers, supervisors, and the general public.

(Tr. 19, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 22, Finding 6). The ALJ determined Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 22, Finding 7). The ALJ also determined Plaintiff had a limited education and was able to communicate in English. (Tr. 22, Finding 8).

The ALJ then determined whether Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 23, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as small parts assembler and bakery worker with 11,184 such jobs in the regional economy and 657,969 such jobs in the national economy; and gasket inspector with 1,601 such jobs in the regional economy and 125,960 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, the ALJ determined he had not been under a disability as defined by the Act from January 1, 2009 through the date of his decision or through June 20, 2011. (Tr. 23, Finding 11).

Thereafter, on August 19, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6-9). On October 2, 2012, the Appeals Council declined to review the unfavorable decision. (Tr. 1-3). On December 6, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff claims the following: (1) the ALJ did not fully and fairly develop the record; (2) the ALJ improperly considered his severe impairments; (3) the ALJ improperly evaluated the Listings; (4) the ALJ improperly determined his RFC; and (5) the ALJ's Step Five determination is not supported by the record. ECF No. 11 at 1-17. Because the Court finds the ALJ erred by finding Plaintiff's borderline intellectual functioning was non-severe at Step Two of the Analysis, the Court will only address Plaintiff's second argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th

Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff only had the following severe impairments: insulin-dependent diabetes with neuropathy, dysthymia, passive dependent personality disorder, and generalized anxiety disorder. (Tr. 15-16, Finding 3). The ALJ did not find Plaintiff's borderline intellectual functioning was a severe impairment. *Id.* Plaintiff's medical records, however, demonstrate that he has been assessed as having a full scale IQ score of 70, a verbal IQ score of 73, and a performance IQ score of 73. (Tr. 269). Based upon this testing, the consulting examiner hired by the Social Security Administration found Plaintiff to be functioning in the "borderline range of intelligence." (Tr. 270). Indeed, these scores are so low that they nearly qualify him under a presumptive disability listing. *See* Listing 12.05.

Despite this medical evidence, the ALJ did not find Plaintiff's borderline intellectual function was a severe impairment. (Tr. 15-16, Finding 3). The Eighth Circuit has specifically found the ALJ's failure to include a diagnosis of borderline intellectual functioning as a severe impairment was reversible error. *See Nicola,* 480 F.3d at 887 (". . . we reject the Commissioner's argument of harmless error"). Accordingly, because the ALJ erred by finding Plaintiff's borderline intellectual functioning was non-severe, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 7th day of January 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE