IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY W. TANNER                                                          PLAINTIFF

v.                                    Civil No. 2:12-CV-02308

CAROLYN COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## <u>ORDER</u>

The Court has received proposed findings and recommendations (Doc. 20) from United States Magistrate Judge Barry A. Bryant.  After careful review of that report as well as the Commissioner's objections (Doc. 21), the Court concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety.

The Commissioner argues that Plaintiff should not be awarded attorney's fees because the Commissioner's position was substantially justified.  The standard for determining substantial justification is "whether the [Commissioner's] position is clearly reasonable, well founded in law and fact, solid though not necessarily correct."  *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).  The Commissioner bears the burden of proving her position was substantially justified.  *Id.* The Court finds she has failed to do so in this case.

The Magistrate recommended remanding this case to the Administrative Law Judge ("ALJ") on the basis that the ALJ had "erred by finding Plaintiff's borderline intellectual functioning was non-severe at Step Two of the Analysis."  (Doc. 13, p. 5).  In making this recommendation, the Magistrate noted that "[t]he Eighth Circuit has specifically found the ALJ's failure to include a diagnosis of borderline intellectual functioning as a severe impairment was reversible error."  *Id.* at

-1-

p. 6. (citing *Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007)).  Neither party filed any objections to the Magistrate's report and recommendations on the merits, and the Court entered an order adopting the Magistrate's findings.  (Doc. 14).  Plaintiff moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 16).  The Commissioner objected.  (Doc. 18).  The Magistrate filed a report and recommendations finding that the Commissioner did not meet her burden to show that her position was substantially justified and recommending that Plaintiff's motion be granted and attorney's fees awarded.

In her objections, the Commissioner argues that the facts of this case are more akin to those addressed by the Eighth Circuit in *Gragg v. Astrue*, 615 F.3d 932 (8th Cir. 2010) than to the facts of the case cited by the Magistrate, *Nicola*.  The Court rejects this argument.  The Court has reviewed both cases and finds that the facts of *Nicola* are squarely on point with the facts of this case.  In both this case and in *Nicola*, the Plaintiff had an actual diagnosis of borderline intellectual functioning.[1] 480 F.3d at 887 (finding that ALJ erred in failing to find that diagnosis of borderline intellectual functioning was a severe impairment at step two of the sequential analysis and that such error was not harmless).  In *Gragg*, the plaintiff was instead diagnosed with a learning disability, which allowed the Eighth Circuit to distinguish the case from *Nicola*.  615 F.3d at 940 ("In *Nicola* . . . the claimant was actually diagnosed with borderline intellectual functioning and the ALJ erred in failing to include this impairment, or any other cognitive impairment, in the list of claimant's severe impairments.  In the case at hand, however, Gragg was never actually diagnosed with borderline intellectual functioning.").  The Court finds no similar or otherwise significant distinguishable characteristics in this case.

---

[1] Even if the Court were not to consider the diagnosis made after the ALJ's initial unfavorable decision, it is not disputed that the consulting examiner included a reference to borderline intellectual functioning in his report prior to the unfavorable decision.

After careful review, the Court concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety.

Accordingly, the Court ORDERS that Plaintiff's Motion for Attorney Fees (Doc. 16) be GRANTED and finds that Plaintiff is entitled to an award under the EAJA in the total amount of $4,074.15. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff, but may be mailed to Plaintiff's counsel.

IT IS SO ORDERED this 4th day of February, 2015**.**

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

-3-